UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. MARGARET AND JUANITA CARRANZA :
                                    :
            Plaintiffs,             :
                                    :
    v.                              :      Civil Action No.:  05-CV-00117 (RMU)
                                    :
PHILLIP L. FRAAS                    :
                                    :
            Defendant.              :

## DEFENDANT PHILLIP L. FRAAS'
## MOTION FOR SUMMARY JUDGMENT

Defendant, Phillip L. Fraas, through counsel, CARR MALONEY P.C., respectfully moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 for the following reasons:

1.      The material facts are not in dispute.

2.      Plaintiffs' claims fail as a matter of law because to establish a prima facie case of attorney malpractice, they must present expert testimony to establish the applicable standard of care to prove causation.  Plaintiffs have not identified an expert witness and the deadline for filing expert designations has passed.

For these reasons, and those more fully stated in the accompanying memorandum, defendant is entitled to judgment as a matter of law.

Respectfully submitted,

CARR MALONEY P.C.

By

Dennis J. Quinn, #455793
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


A. MARGARET AND JUANITA CARRANZA :

          Plaintiffs,             :

                           :

        v.                    :     Civil Action No.: 05-CV-00117 (RMU)

                           :

PHILLIP L. FRAAS             :

                           :

          Defendant.         :


## DEFENDANT PHILLIP L. FRAAS'
## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendant, Philip L. Fraas, by counsel, and pursuant to Local Civil Rule 56.1, respectfully submits the following:

1.     Plaintiffs are female farmers in Montana who retained defendant to represent their interests arising out of alleged gender discrimination by the U.S. Department of Agriculture.  See Complaint attached as Exhibit A.

2.     On January 14, 2005, plaintiffs filed a *pro se* Complaint against defendant alleging legal malpractice.  Comp. p. 1.

3.     On September 13, 2005 the Court held a status conference where it ruled that plaintiffs' 26(a)(2)(B) expert witness designation was due on August 18, 2006 and that defendant's designation  was due August 31, 2006.  See Docket Sheet attached as Exhibit B.

4.     On September 1, 2006, the Court granted defendant's motion for an extension of time to file his expert witness designation in light of the fact that plaintiffs had yet to file theirs. *Id.*

5.     On September 11, 2006 plaintiffs petitioned the Court to appoint an expert witness pursuant to Fed.R.Evid. 706(a).  To date, the Court has not ruled on plaintiffs' Motion.  *Id.*

6.     On October 31, 2006 discovery in this case closed without plaintiffs designating an expert. *Id.*

Respectfully submitted,

CARR MALONEY P.C.

By: _____

Dennis J. Quinn, #455793
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


A. MARGARET AND JUANITA CARRANZA : 
                                          :

          Plaintiffs,                   :

                                          :

          v.                            :     Civil Action No.:  05-CV-00117 (RMU)

                                          :

PHILLIP L. FRAAS                   :

                                          :

          Defendant.                 :


**DEFENDANT PHILLIP L. FRAAS' MEMORANDUM IN SUPPORT
OF HIS MOTION FOR SUMMARY JUDGMENT**


       Defendant, Phillip L. Fraas, through undersigned counsel, CARR MALONEY P.C.,
submits the following memorandum in support of his motion for summary judgment.

<u>Preliminary Statement</u>

       This is a legal malpractice case.  Plaintiffs are female farmers in Montana who retained
Mr. Fraas to represent their interests arising out of alleged gender discrimination by the U.S.
Department of Agriculture.  When settlement negotiations with the federal government fell apart,
plaintiffs terminated their relationship with Mr. Fraas and on January 14, 2005, they filed a
Complaint *pro se* against defendant alleging legal malpractice.  On September 13, 2005 the
Court held a status conference where it held,  *inter alia*, that plaintiffs' expert witness
designation pursuant Fed.R.Civ.P. 26(a)(2)(B) was due on August 18, 2006 and that defendant's
26(a)(2)(B) designation  was due August 31, 2006.  On September 1, 2006, the Court granted

3

defendant's motion for an extension of time to file his expert witness designation in light of the fact that plaintiffs had yet to file theirs. Plaintiff has petitioned the Court to appoint an expert witness pursuant to Fed.R.Evid. 706(a).[1] To date, the Court has not ruled on plaintiffs' Motion. The discovery deadline has passed and plaintiffs have not been able to find an expert witness to support their claims of legal malpractice. Without such an expert, they cannot prevail. Accordingly, defendant is entitled to summary judgment.

ARGUMENT

I.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, summary judgment shall be entered if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Williams v. Callaghan*, 938 F.Supp 46 (D.D.C. 1996). "Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral party of the Federal Rules as a whole, which are designed to secure the just, speedy

---

[1] Plaintiffs' request to appoint an expert witness pursuant to Fed.R.Evid. 706(a) is identical to the motion filed by another female farmer from Montana who sued defendant for malpractice. *See Mavity v. Fraas*, --- F.Supp.2d ----, 2006 WL 2868250 (D.D.C.). This Court granted summary judgment in favor of Mr. Fraas while denying Ms. Mavity's motion for a court appointed expert witness. This Court reasoned that:

> The plaintiff requests that the court appoint an expert witness pursuant to Federal Rule of Evidence ("FRE") 706(a). . . . The decision to appoint an expert under FRE 706(a) "rests solely in the Court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the fact-finder's need for a neutral, expert view." *Tangwell v. Robb*, 2003 WL 23142190, at *3 (E.D.Mich. Dec. 23, 2003). The "use of court-appointed experts under Rule 706 is relatively infrequent and most judges 'view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances.' "*Id* at *4; *see also Applegate v. Debrovir, Oakes & Gebhardt*, 628 F.Supp. 378, 383 (D.D.C.1985) (explaining that appointment of an expert is appropriate only in "compelling circumstances"). The plaintiff argues that a court-appointed expert would assist the court in narrowing the disputed issues in this case . . . The quantity of disputed issues in this case, however, is not so great as to require a court-appointed expert witness. Additionally, the fundamental issue in this case, legal malpractice, is not so complex as to require a court-appointed expert witness. *Tangwell*, 2003 WL 23142190, at *4.

*Mavity v. Fraas*, --- F.Supp.2d ----, 2006 WL 2868250, at n.4 (D.D.C. Oct. 10, 2006).

and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotations omitted). It is the function of this district court to determine whether any pertinent factual controversy actually exists. *Exxon Corp. v. Federal Trade Commission*, 663 F.2d 120 (D.C.Cir.1980). Thus, the non-moving party is required to provide evidence that would permit a reasonable jury to find in her favor. *Laningham v. U.S. Navy*, 813 F.2d 1236 (D.C.Cir.1987). "Mere allegations or denials of the adverse party's pleading are not enough to prevent the issuance of summary judgment." *Williams*, 938 F.Supp at 49 (citing Fed.R.Civ.P. 56(e)). Furthermore, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C.Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene*, 164 F.3d at 675. If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (internal citations omitted).

II.   PLAINTIFF CANNOT ESTABLISH A PRIMA FACE CASE OF LEGAL MALPRACTICE

To establish a prima facie case of legal malpractice in the District of Columbia "a plaintiff must establish the applicable standard of care, a breach of that standard of care, and a causal relationship between the violation and the harm complained of." *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1174 (D.C.Cir. 2003) (internal quotations omitted). As discussed below, plaintiff cannot establish a prima facie case of legal malpractice.

A.   *Plaintiff cannot establish the applicable standard of care*

"[I]t is well established in this district that in legal . . .malpractice cases, expert testimony proving the applicable standard of care is an essential element of plaintiff's prima facie case."

*Applegate v. Dobrovir, Oakes & Gebhardt,* 628 F.Supp. 378, 382 (D.D.C.1985) *aff'd* 809 F.2d 930, *cert. denied*, 481 U.S. 1049 (1987). The plaintiff must present expert testimony to prove the standard of care and its breach "unless the attorney's lack of care is so obvious that the jury can find negligence as a matter of common knowledge." *Athridge*, 351 F.3d at 1174

Plaintiffs make the assertion in their Response to Defendant's Opposition to Plaintiffs' Motion for Court Appointed Expert Witness that an expert witness is not needed because of the common knowledge exception. They argue that Mr. Fraas "failed to diligently pursue settlement of the Plaintiffs' case by repeatedly not meeting mandatory time periods imposed by the Clinton USDA appointees to settle the complaint. . ...." *See* Pl. Resp. at 6. Even if such accusations were true (and defendant vigorously contests these allegations), they do meet the criteria of the common knowledge exception. In *O'Neil v. Bergen*, 452 A.2d 337, 342 (D.C.1982), the court held that the "kind of care and skill that can be found within the jury's common knowledge" involves allowing a statute of limitations to run, failing to allege affirmative defenses, failing to file state inheritance tax returns and permitting an entry of default against the client. *Id.* at 342, n. 6. The alleged errors cited by plaintiffs are not similarly obvious, and knowledge of the standard of care applicable to plaintiff's claims clearly is not within the province of a lay juror. While plaintiffs may be upset that their case did not settle they provide nothing but conclusory (and erroneous) allegations that they were unaware of multiple settlement discussions between the government and Mr. Fraas. Furthermore, not only have they not exhausted their administrative remedies on the alleged discrimination relief for which they retained defendant, but no lawsuit was ever filed by them seeking legal redress in court for the alleged discrimination.

B.      *Plaintiffs cannot establish causation*

Plaintiffs must also provide expert testimony to establish causation. Plaintiffs must make a prima facie showing that Mr. Fraas' alleged negligence "resulted in and was the proximate cause of a loss to [his] client." *Chase v. Gilbert*, 499 A.2d 1203, 1211 (D.C.1985).   Thus, plaintiffs must show that Mr. Fraas' actions cause a legally cognizable injury. [2]   *See Mount v. Baron*, 154 F.Supp.2d 3, 8-9 (citing *Becker v. Colonial Parking, Inc.*, 409 F.2d 1130, 1136-1137 (D.C. Cir. 1969)).   They must establish by expert testimony that they would have successfully settled their claims with the government but for Mr. Fraas' alleged malpractice. *See generally Macktal v. Garde*, 111 F.Supp.2d 18 (D.D.C. 2000).   Without an expert to guide the fact finder though the settlement discussions between Mr. Fraas and various individuals, departments and agencies within the federal government, plaintiff cannot make a prima facie showing of causation.

WHEREFORE, defendant respectfully requests that the Court grant his Motion for Summary Judgment.

Respectfully submitted,

CARR MALONEY P.C.

By: _____

Dennis J. Quinn, #455793
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)

---

[2]   Plaintiffs cannot prove causation because they have not yet suffered a loss.  Defendant reiterates that plaintiffs never exhausted their administrative remedies or filed a lawsuit seeking redress for their discrimination claims.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


A. MARGARET AND JUANITA CARRANZA :
                                   :
            Plaintiffs,            :
                                   :
      v.                           :      Civil Action No.: 05-CV-00117 (RMU)
                                   :
PHILLIP L. FRAAS                   :
                                   :
            Defendant.             :


### ORDER

This matter came before the Court on Defendant's Motion for Summary Judgment.  It is hereby

ORDERED that the motion is Granted.


Entered this _____ day of _____ 2006.


_____
U.S. District Court Judge

8

## CERTIFICATE OF SERVICE

I HEREBY certify that a true copy of the foregoing was mailed, postage prepaid, on this 20th day of December 2006 to:

A. Margaret Carranza, Pro Se
Juanita Carranza, Pro Se
P.O. Box 236
Lambert, Montana 59243

Dennis J. Quinn