UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. MARGARET AND JUANITA CARRANZA :
                           :
      Plaintiffs,           :
                           :
   v.                   :     Civil Action No.:  05-CV-00117 (RMU)
                           :
                           :
PHILLIP L. FRAAS           :
                           :
      Defendant.        :

**DEFENDANT PHILLIP L. FRAAS'**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, Phillip L. Fraas, by counsel, CARR MALONEY P.C., respectfully moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 for the following reasons:

1.     The material facts are not in dispute.

2.     Plaintiffs' claims fail as a matter of law because to establish a prima facie case of attorney malpractice, they must present expert testimony to establish the applicable standard of care to prove causation.  Plaintiffs have not identified an expert witness and the deadline for filing expert designations has passed.

3.     Plaintiffs claims are barred by the doctrine of collateral estoppel and this Court's rulings in *Mavity v. Fraas*.

For these reasons, and those more fully stated in the accompanying memorandum, defendant is entitled to judgment as a matter of law.

Respectfully submitted,

CARR MALONEY P.C.

By:    _____/S/_____
       Dennis J. Quinn, #455793
       Elizabeth A. Francis #473336
       1615 L Street, N.W.
       Suite 500
       Washington, D.C.  20036
       (202) 310-5500 (Telephone)
       (202) 310-5555 (Facsimile)
       djq@carrmaloney.com
       eaf@carrmaloney.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. MARGARET AND JUANITA CARRANZA :
                                                          :
                    Plaintiffs,                           :
                                                          :
          v.                                              :      Civil Action No.: 05-CV-00117 (RMU)
                                                          :
PHILLIP L. FRAAS                                          :
                                                          :
                    Defendant.                            :

## DEFENDANT PHILLIP L. FRAAS'
## STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendant, Philip L. Fraas, by counsel, and pursuant to Local Civil Rule 56.1, respectfully submits the following material facts not in dispute:

1.       Plaintiffs, Margaret and Juanita Carranza, are female farmers in Montana who retained Defendant Phillip Fraas to represent their interests arising out of alleged gender discrimination by the U.S. Department of Agriculture.  *See* Complaint attached as Exhibit A.

2.       On January 14, 2005, Plaintiffs filed a *pro se* Complaint against defendant alleging legal malpractice.  Comp. p. 1.

3.       Plaintiffs' 26(a)(2)(B) expert witness designation was due on August 18, 2006. *See* Docket Sheet for *Carranza v. Fraas* attached as Exhibit B at 3.

4.       On September 11, 2006 plaintiffs petitioned the Court to appoint an expert witness pursuant to Fed.R.Evid. 706(a).  *Id.*

5.       On October 31, 2006 discovery in this case closed without Plaintiffs designating an expert. *Id.*

6.       On January 3, 2007 the Court denied Plaintiff's motion to appoint an expert

witness pursuant to Fed.R.Evid. 706(a). *Id.*

7.    On April 23, 2007, the Court stayed the present action pending an appeal in the case *Mavity v. Fraas*, 456 F.Supp.2d 29, 34 (D.D.C. 2006), in which it had granted summary judgment to Mr. Fraas on October 10, 2006. *Id* at 4.

8.    In *Mavity*, Plaintiff's underlying claims against the USDA were identical to the Carranzas' claims against the USDA, *See* Amended Complaint in *Mavity v. Fraas* attached as Exhibit C.

9.    On April 26, 2007, the United States Court of Appeals for the District of Columbia affirmed this Court's granting of summary judgment in favor of Mr. Fraas in the case titled *Mavity v. Fraas.  See* United States Court of Appeals for the District of Columbia Circuit's Order attached as Exhibit D.

10.    On October 28, 2008, in *Mavity v. Fraas*, the Plaintiff filed a petition for *writ of certioriari* to  the United States Supreme Court. *See* Docket Sheet for *Mavity v. Fraas* attached Exhibit E at 7-8.

11.    On January 21, 2009 the United States Supreme Court denied Mr. Mavity's petition for *writ of certiorari. Id* at 8.

12.    On February 3, 2009, the United States Court of Appeals for the District of Columbia issued its Mandate of its affirmance of summary judgment in favor of Mr. Fraas in *Mavity v. Fraas.  See* United States Court of Appeals for the District of Columbia Circuit's Mandate attached as Exhibit F.

13.    On February 11, 2009, the Court lifted the stay in the present action and ordered the parties to resubmit dispositive motions in accordance with the Court's deadlines.  See Exhibit B at 5.

Respectfully submitted,

CARR MALONEY P.C.

By:   _____/s/_____
      Dennis J. Quinn, #455793
      Elizabeth A. Francis #473336
      1615 L Street, N.W.
      Suite 500
      Washington, D.C.  20036
      (202) 310-5500 (Telephone)
      (202) 310-5555 (Facsimile)
      djq@carrmaloney.com
      eaf@carrmaloney.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. MARGARET AND JUANITA CARRANZA :
                            :
       Plaintiffs,            :
                            :
       v.                   :     Civil Action No.: 05-CV-00117 (RMU)
                            :
PHILLIP L. FRAAS          :
                            :
       Defendant.          :

**DEFENDANT PHILLIP L. FRAAS' MEMORANDUM IN SUPPORT
OF HIS MOTION FOR SUMMARY JUDGMENT**

      Defendant, Phillip L. Fraas, through undersigned counsel, CARR MALONEY P.C., submits the following memorandum in support of his motion for summary judgment.

Preliminary Statement

      This is a legal malpractice case. Plaintiffs are female farmers in Montana who retained Mr. Fraas to represent their interests arising out of alleged gender discrimination by the U.S. Department of Agriculture. When settlement negotiations with the federal government fell apart, Plaintiffs terminated their relationship with Mr. Fraas and on January 14, 2005 they filed a Complaint *pro se* against Mr. Fraas alleging legal malpractice. Pursuant to Fed.R.Civ.P. 26(a)(2)(B), Plaintiffs' expert witness designation was due on August 18, 2006. That deadline passed and Plaintiffs did not identify an expert witness to support their claims against Mr. Fraas. Absent such an expert, plaintiff cannot prevail in their legal malpractice claims. Accordingly, Mr. Fraas is entitled to summary judgment.

Procedural History and *Mavity v. Fraas*

On December 20, 2006, Mr. Fraas moved for summary judgment on the grounds that Plaintiffs could not establish a prima facie case of attorney malpractice. On April 23, 2007, this Court stayed the present action pending an appeal in *Mavity v. Fraas*, 456 F.Supp.2d 29, 34 (D.D.C. 2006), which was another legal malpractice claim filed in this Court against Mr. Fraas on the same date Plaintiffs, the Carranzas, filed this action. According to its Minute Order, this Court believed the outcome in *Mavity* might have a dispositive effect on this action.

The issue decided in *Mavity* is identical to the issue raised in this Motion, which is that Plaintiffs cannot prevail as a matter of law because they do not have an expert to testify as to the applicable standard of care of an attorney. In *Mavity*, Plaintiff Sharon Mavity sued Mr. Fraas for legal malpractice arising out of his representation of Ms. Mavity in an employment discrimination claim against the U.S. Department of Agriculture. On October 10, 2006, this Court granted summary judgment in favor of Mr. Fraas on the grounds that Ms. Mavity failed to produce expert testimony to prove the elements of her prima facie case of legal malpractice, which precluded her form prevailing on her claims against Mr. Fraas as a matter of law. *Mavity v. Fraas*, 456 F.Supp.2d 29, 34 (D.D.C. 2006).

Ms. Mavity timely noted her appeal to the United States Court of Appeals for the District of Columbia Circuit. In response, Mr. Fraas filed a Motion for Summary Affirmance of this Court's decision granting Mr. Fraas's Motion for Summary Judgment. On February 26, 2007, the Court of Appeals granted Mr. Fraas's Motion for Summary Affirmance. Exhibit D Specifically, the Court of Appeals held that "the merits of the parties' positions are so clear as to warrant summary action." *Id.* More importantly, for purposes of this Motion, the Court of Appeals reiterated that "in a legal malpractice...case, the applicable standard of care and its

violation must be proven by expert testimony, unless the attorney's breach of the standard is so evident as to be a matter of common knowledge" and that the appellants did not fall under the common knowledge exception. *Id.* citing *Athridge v. Aetna Cas. & Sur. Co.*, 351 F.3d 1166, 1174 (D.C. Cir. 2003); *Mills v. Cooter*, 647 A.2d 1118, 1120 n.6 (D.C. 1994). [1]

Given the recent decision in *Mavity*, on February 11, 2009, this Court lifted the stay in this action and terminated Mr. Fraas's original summary judgment motion against Plaintiffs so as to allow the parties to re-file dispositive motions. As such, in light of this Court's Ruling in *Mavity* regarding the necessity of expert testimony in a legal malpractice action, Plaintiffs should be precluded from proceeding on their claim against Mr. Fraas pursuant to the doctrine of collateral estoppel.

## ARGUMENT

### I.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, summary judgment shall be entered if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see also Williams v. Callaghan*, 938 F.Supp 46 (D.D.C. 1996). "Summary judgment is properly regarded not as a disfavored procedural shortcut, but rather as an integral party of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotations omitted). It is the function of this district court to determine whether any pertinent factual controversy actually exists. *Exxon Corp. v. Federal Trade Commission*, 663 F.2d 120 (D.C.Cir.1980). Thus, the non-moving party is required to provide evidence that would permit a reasonable jury to find in her favor. *Laningham v. U.S. Navy*, 813 F.2d 1236 (D.C.Cir.1987). "Mere allegations or denials of the adverse party's pleading are not enough to prevent the issuance of summary judgment." *Williams*, 938 F.Supp at 49 (citing Fed.R.Civ.P. 56(e)). Furthermore, the nonmoving party may not rely solely on allegations or conclusory statements. *Greene v. Dalton*, 164 F.3d 671, 675 (D.C.Cir. 1999); *Harding v. Gray*, 9 F.3d 150, 154 (D.C.Cir.1993). Rather,

---

[1]   On January 21, 2009 the U.S. Supreme Court denied Mr. Mavity's *writ of certiorari*.

the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Greene,* 164 F.3d at 675.  If the evidence "is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50 (internal citations omitted).

II.    PLAINTIFF CANNOT ESTABLISH A PRIMA FACE CASE OF LEGAL MALPRACTICE

To establish a prima facie case of legal malpractice in the District of Columbia "a plaintiff must establish the applicable standard of care, a breach of that standard of care, and a causal relationship between the violation and the harm complained of." *Athridge v. Aetna Cas. & Sur. Co.,* 351 F.3d 1166, 1174 (D.C.Cir. 2003) (internal quotations omitted). As discussed below, plaintiff cannot establish a prima facie case of legal malpractice.

A.      *Plaintiff Cannot Establish the Applicable Standard of Care*

"[I]t is well established in this district that in legal . . .malpractice cases, expert testimony proving the applicable standard of care is an essential element of plaintiff's prima facie case." *Applegate v. Dobrovir, Oakes & Gebhardt,* 628 F.Supp. 378, 382 (D.D.C.1985) *aff'd* 809 F.2d 930, *cert. denied,* 481 U.S. 1049 (1987).  The plaintiff must present expert testimony to prove the standard of care and its breach "unless the attorney's lack of care is so obvious that the jury can find negligence as a matter of common knowledge." *Athridge,* 351 F.3d at 1174 '

Plaintiffs argue that they do not need an expert witness because of the common knowledge exception. *See* Response to Defendant's Opposition to Plaintiffs' Motion for Court Appointed Expert Witness. They assert that Mr. Fraas "failed to diligently pursue settlement of the Plaintiffs' case by repeatedly not meeting mandatory time periods imposed by the Clinton USDA appointees to settle the complaint..." and that this "failure" should be subject to the "common knowledge" exception. *See* Pl. Resp. at 6.  Even if such accusations were true (and defendant vigorously contests these allegations), they do not meet the criteria of the common knowledge exception.  In *O'Neil v. Bergen,* 452 A.2d 337, 342 (D.C.1982), the D.C. Court of Appeals  held that the "kind of care and skill that can be found within the jury's common knowledge" involves allowing a statute of limitations to run, failing to allege affirmative defenses, failing to file state inheritance tax returns and permitting an entry of default against the client. *Id.* at 342, n. 6.  The alleged errors cited by plaintiffs are not similarly obvious, and knowledge of the standard of care applicable to plaintiff's claims clearly is not within the province of a lay juror.

4

B.      *Plaintiffs Cannot Establish Causation*

Plaintiffs must also provide expert testimony to establish causation. Plaintiffs must make a prima facie showing that Mr. Fraas' alleged negligence "resulted in and was the proximate cause of a loss to [his] client." *Chase v. Gilbert*, 499 A.2d 1203, 1211 (D.C.1985).  Thus, plaintiffs must show that Mr. Fraas' actions cause a legally cognizable injury. [2] *See Mount v. Baron*, 154 F.Supp.2d 3, 8-9 (citing *Becker v. Colonial Parking, Inc.*, 409 F.2d 1130, 1136-1137 (D.C. Cir. 1969)).  They must establish by expert testimony that they would have successfully settled their claims with the government but for Mr. Fraas' alleged malpractice. *See generally Macktal v. Garde*, 111 F.Supp.2d 18 (D.D.C. 2000). Without an expert to guide the fact finder though the settlement discussions between Mr. Fraas and various individuals, departments and agencies within the federal government, plaintiff cannot make a prima facie showing of causation.

III.    DEFENDANT IS ENTITLTED TO SUMMARY JUDGMENT BASED ON THE DOCTRINE OF COLLATERAL ESTOPPEL AND THIS COURT'S DECISION IN MAVITY V. FRAAS REGARDING THE NECESSITY OF EXPERT TESTIMONY

Under the doctrine of collateral estoppel, Plaintiffs should be precluded from proceeding on their claims against Mr. Fraas since the issue of whether expert testimony is required in this case was already decided in *Mavity*.  Collateral estoppel is a judicially developed doctrine designed "to 'relieve parties of the cost and vexation of multiple lawsuits.'" *Davis v. Davis*, 663 A.2d 449, 504 (D.C. 1995) (citation omitted).  Collateral estoppel, commonly known as issue preclusion, means that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corporation of America v. US*, 961 F.2d 245, 254, 295 U.S.App.D.C. 158, 167 (1992) citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980).  A claim is precluded under the doctrine of collateral estoppel when "(1) the issue is actually litigated and (2) determined by a valid, final judgment on the merits; (3) after a full and fair opportunity for litigation by the parties or their privies; (4) under circumstances where the determination was essential to the judgment, and not merely dictum." *Davis v. Davis*, 663 A.2d 449, 501 (D.C. 1995) (citations omitted).

In *Mavity*, Plaintiff claimed that Mr. Fraas (1) failed to adequately prepare and pursue her case through the ALJ process, (2) failed to adequately prepare and present her case in a professional manner and (3) failed to file papers in a timely fashion. *Mavity v. Fraas*, 456 F.Supp.2d 29, 34 (D.D.C. 2006).  This Court held that Mavity was required to present expert testimony on the appropriate standard of care for all of her allegations since a jury would not, nor should it be expected to, have the expertise, knowledge or

---

[2]   Plaintiffs never exhausted their administrative remedies or filed a lawsuit seeking redress for their discrimination claims, and as such, Plaintiffs cannot prove causation because they have not yet suffered a loss.

experience to understand the significance and ramifications of these particular legal claims.[3] *Id.*

In the present case, Plaintiffs claim that Mr. Fraas (1) failed to keep them advised of major developments in settlement, (2) failed to meet certain deadlines to settle the complaint in a timely manner, and (3) failed to disclose a potential conflict of interest. The Carranza's claims against USDA were identical to Mavity's. The issue in this Motion, like in *Mavity*, is whether Plaintiffs' allegations are beyond the knowledge and expertise of an average juror so as to require expert testimony on the standard of care to prove Plaintiffs' prima facie case against Mr. Fraas. This issue was decided in *Mavity* and need not be decided here since it was <u>actually litigated</u> through summary judgment motions and oppositions and it was determined by a valid and final judgment on the merits by this Court, and affirmed by the Court of Appeals. Furthermore, all of the parties had a fair and full opportunity for litigation. Finally, this Court's determination was essential to the judgment and not merely dictum. See *Davis v. Davis*, 663 A.2d 449, 501-503 (D.C. 1995). Accordingly, Plaintiffs should be precluded from pursuing their claim against Mr. Fraas pursuant to the doctrine of collateral estoppel.

CONCLUSION

Plaintiffs, as a matter of law, cannot meet their burden of proof in this legal practice action against Mr. Fraas because of their failure to identify a standard of care expert. Furthermore, the doctrine of collateral estoppel prevents Plaintiffs from pursuing their claim against Mr. Fraas given this Court's decision in *Mavity v. Fraas*, 456 F.Supp.2d 29, 34 (D.D.C. 2006), holding that expert testimony on the applicable standard of care is required in legal malpractice actions.

For the reasons set forth above, Defendant Phillip L. Fraas respectfully requests that the Court grant his Motion for Summary Judgment.

---

[3] See section IIA., *infra*, regarding the common knowledge exception to the general requirement for expert testimony on the standard of care in legal malpractice cases and why the exception does not apply to the present action.

Respectfully submitted,

CARR MALONEY P.C.


By:      _____/S/_____
         Dennis J. Quinn, #455793
         Elizabeth A. Francis #473336
         1615 L Street, N.W.
         Suite 500
         Washington, D.C.  20036
         (202) 310-5500 (Telephone)
         (202) 310-5555 (Facsimile)
         djq@carrmaloney.com
         eaf@carrmaloney.com

7

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing ***Defendant Phillip L. Fraas' Motion For Summary Judgment*** was electronically filed and mailed, postage prepaid, on this 24th day of March 2009 to:

          A. Margaret Carranza, *Pro Se*
          Juanita Carranza, *Pro Se*
          P.O. Box 236
          Lambert, Montana 59243

                    _____/s/_____
                    Dennis J. Quinn
                    djq@carrmaloney.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

A. MARGARET AND JUANITA CARRANZA :
                                     :
        Plaintiffs,            :
                                       :
      v.                      :    Civil Action No.:  05-CV-00117 (RMU)
                                       :
PHILLIP L. FRAAS           :
                                       :
        Defendant.          :

**ORDER**

      This matter came before the Court on Defendant's Motion for Summary Judgment.   It is

hereby

      ORDERED that the Motion is Granted.

Entered this _____ day of _____ 2009.

                                                 _____
                                               U.S. District Court Judge

Copies to:

Dennis J. Quinn, Esquire
Elizabeth A. Francis, Esquire
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C.  20036

.continued

A. Margaret Carranza, *Pro Se*
Juanita Carranza, *Pro Se*
P.O. Box 236
Lambert, Montana 59243